IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TENG VANG,

                              ORDER

               Petitioner,

                          10-cv-306-bbc

      v.

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Teng Vang has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, contending that he was convicted in violation of the United States Constitution. His motion is timely and it appears that he has exhausted his state court remedies on the claims he includes in his petition.  However, he is asking for a stay to hold his petition in abeyance until he has had an opportunity to seek post conviction relief in state court on two claims relating to the constitutionality of his plea of guilty.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court held that district courts have discretion to stay a mixed habeas petition, that is, one consisting of claims that have been exhausted and claims that have not, to allow the petitioner to go to

1

state court to exhaust the unexhausted claims.  Recognizing that granting petitioners this opportunity might undercut Congress's effort to reduce delay in the execution of state and federal criminal sentences, the Court held that such a stay is appropriate only when the district court finds that the petitioner had good cause for not exhausting all of his claims at one time and that the unexhausted claims are not clearly frivolous, that is, without legal merit.  Id. at 277.

In his motion for a stay, petitioner says that he wants to challenge the constitutionality of his plea of guilty and the ineffectiveness of his trial and appellate counsel in not raising any issue about the plea.  If there is any potential merit to the claims, it would not be necessary to worry about good cause:  counsel's failure to raise the issue would suffice for good cause.  However, it is implausible that the claims have any merit.  According to the court orders attached to the petition, petitioner was allowed to withdraw his plea of guilty after the state court of appeals found that the trial court erred in denying his motion to withdraw the plea.  State v. Vang, 290 Wis. 2d 512, 712 N.W.2d 88 (Ct. App. 2006) (Table).

If petitioner was not convicted on the basis of his plea but after a trial, I can think of no reason why he would be able to show that any error in the taking of his plea played any part in his subsequent conviction or sentence.  However, to complete the record, I will allow petitioner a short opportunity to explain to the court why he thinks that there is any merit

2

in his claims relating to his plea of guilty.  Unless he can make that showing, I will deny his

motion for a stay and address his petition for a writ of habeas corpus.


ORDER

IT IS ORDERED that defendant Teng Vang may have until July 9, 2010, in which

to explain why he believes there is any merit in his challenges to the constitutionality of his

guilty plea.

Entered this 21st day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3