IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TENG VANG,

                              OPINION AND ORDER

               Petitioner,

                              10-cv-306-bbc

    v.

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Teng Vang filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254, contending that he is in state custody in violation of the United States Constitution. He listed in his petition five grounds on which he believes he is entitled to relief: (1) The trial court refused to grant him a continuance to allow the defense to conduct gun powder residue tests on the firearm; (2) no physical evidence supported his conviction, only the testimony of other felons, all of whom had a clear motive to place blame on him; (3) the prosecutor was vindictive in adding more charges against petitioner after he was allowed to withdraw his guilty plea; (4) a lead investigator "lied during his testimony as to the availability and cost of testing gun powder residue," dkt. #1 at 9, and (5) trial counsel

1

was ineffective in failing to impeach the state's witness as to the availability of testing and its non-prohibitive cost.

In a motion attached to his petition, dkt. #2, petitioner asked to have his petition held in abeyance until he had an opportunity to seek post conviction relief in state court on two additional claims: his plea of guilty was involuntary and his trial and appellate counsel did not challenge the voluntariness of the plea. I advised petitioner that because he had been allowed to withdraw his plea of guilty (after which he was found guilty at trial), it was unlikely that these claims had sufficient merit to warrant a stay of his habeas petition to allow him to exhaust his state court remedies. However, I gave him an opportunity to explain what possible merit there might be to these claims.

In response, petitioner advised the court that he was mistaken in saying in his motion for a stay that he wanted to raise issues relating to his plea of guilty but rather to challenge the false testimony of the police officer who testified at trial that gun powder residue testing was generally unavailable and when available, very expensive. Petitioner contends that testing of gun powder residue from the skin swabs taken from his co-defendant was critical to show that he should not have been convicted of the charges against him. He says that he is collecting evidence of laboratories that provide such testing and that once he has collected the evidence, he will file a motion in state court for post conviction relief, so that he may fulfill the requirements for bringing a § 2254 motion in this court. I conclude that it is not

2

necessary to order a stay or a response to the petition from the state because both the unexhausted claims and the exhausted ones are without merit.

BACKGROUND

According to the Wisconsin Court of Appeals' opinion in State v. Vang, 290 Wis. 2d 212, 712 N.W.2d 88 (2006) (Table), petitioner's convictions grew out of an incident that took place in Eau Claire in 2004 at the residence of Chomphou Her. Petitioner, his brother Chang Vang and four others, including Fue Yang, arrived at the residence in a van driven by Chang and parked across the street. Chang began a discussion with Her about their separate gangs, in the course of which petitioner and Yang got out of the van. Three to five shots were fired in Her's direction and toward the houses behind him. Petitioner and Yang climbed back into the van and Chang drove off. They were stopped after a high speed chase and arrested.

Petitioner was charged with five felony counts: party to the crime of attempted intentional homicide; three counts of first-degree reckless endangering safety and one count of felon in possession of a gun. After procedural maneuvering, including a competency hearing, he reached a plea agreement with the state and entered pleas of no contest to two counts of first-degree reckless endangering safety and the felon in possession of a gun charge. Just before sentencing, he moved to withdraw his plea, after asserting that he had located a

3

witness who would testify that Yang had confessed to him that he had done the shooting and that petitioner had tried to stop him. The court denied the motion; and petitioner appealed. The court of appeals found in his favor and directed the trial court to allow him to withdraw the plea, which it did.

Petitioner went to trial on all five of the original charges against him and was found guilty by the jury on all charges. He took a direct appeal, which was denied by the court of appeals in an unpublished opinion. State v. Vang, No. 2007 AP 1533 CRMN (Wis. Ct. App. Nov. 25, 2008), docketed in this case as dkt. #1-2 at 7-12. He petitioned for a writ of certiorari from the state supreme court, which was denied on March 17, 2009. He did not petition for review by the United States Supreme Court, so his sentence became final ninety days after the time for filing would have expired, or approximately July 14, 2010. 28 U.S.C. § 2243(d)(1). He filed this petition on June 7, 2010.

OPINION

A. Motion for Stay to Allow Exhaustion

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court held that district courts have discretion to stay a mixed habeas petition, that is, one consisting of claims that have been exhausted and claims that have not, to allow the petitioner to go to state court to exhaust the unexhausted claims. Recognizing that granting petitioners this

4

opportunity might undercut Congress's effort to reduce delay in the execution of state and federal criminal sentences, the Court held that such a stay is appropriate only when the district court finds that the petitioner had good cause for not exhausting all of his claims at one time and that the unexhausted claims are not clearly frivolous, that is, without legal merit. Id. at 277.

The Rhines requirement of legal merit dooms petitioner's request for a stay. He wants an opportunity to show that the officer who testified about the availability or cost of gun powder residue testing gave false testimony, but he has not explained what legal merit there is to his claim. To prevail on a petition for federal habeas corpus, a petitioner must show that he is in custody in violation of the of the Constitution, laws or treaties of the United States. Showing that the state applied its own laws or procedures improperly is not enough if the error is obviously harmless. E.g., Brecht v. Abrahamson, 507 U.S. 619, 622 (1993) (standard for determining whether conviction must be set aside because of federal constitutional error is whether error "had substantial and injurious effect or influence in determining the jury's verdict"); Rodriguez v. Montgomery, 594 F.3d 548, 550 (7th Cir. 2010) (holding that erroneous disqualification of counsel for defendant did not require grant of habeas relief when defendant could not show that error had "substantial and injurious effect or influence in determining" outcome of case) see also Robinson v. Arvonio, 27 F.3d 877, 885 (3d Cir. 1994) (prosecutor's failure to correct witness's false testimony did not

5

prejudice habeas petitioner, who bore burden of showing that error resulted in actual prejudice).

In its opinion confirming petitioner's conviction, the court of appeals found no merit to petitioner's claim that he was denied a fair opportunity to defend himself when the state trial court denied him a continuance to give him time to obtain gun powder residue testing on the hands of his co-defendant Yang. The court held that the denial was not an abuse of discretion because the evidence showed that Yang handled the gun, so residue testing would "not necessarily determine whether he was the shooter." Dkt. #1-2, at 9. Moreover, "because [petitioner] was charged as a party to a crime, it was not necessary for the State to establish that [he] was the shooter." Id. Any residue evidence would have been "inconsequential." Id.

Under these circumstances, how could the allegedly false testimony of the officer have prejudiced petitioner (even assuming that testimony about such relative terms as availability and cost can be found to be false)? To the extent it suggested that the investigation of the incident had not been as thorough or careful as it might have been, it helped him. Otherwise, it was essentially irrelevant to the question whether petitioner was guilty of being a party to the crimes of intentional homicide and reckless endangerment, which does not require a finding that defendant fired the gun.

At bottom, both this claim and its associate (the claimed ineffectiveness of counsel

6

to litigate the claim) and the claim resting on the trial court's denial of a continuance for gun powder testing turn on the question of materiality. In light of the charge against petitioner, which requires only a showing that he participated in the crime and helped it succeed, it is simply not material to the jury's determination whether residue could be found on his co-defendant's hands. Therefore, I see no reason to stay this petition to allow petitioner to exhaust his fourth and fifth claims in state court. The petition will be dismissed as to these claims for lack of merit, as well as on exhaustion grounds.

## B. Merits of Petition

For the same reasons that I found no merit to petitioner's unexhausted claims relating to gun powder residue testing, I will dismiss the first ground of the petition, on which petitioner seeks review of the court of appeals' holding that the trial court acted properly in denying petitioner's motion for a stay to allow such testing. As the court of appeals found, any results from such testing would have been of no value to petitioner's defense.

Petitioner's second ground for relief is his claim that the evidence was insufficient to prove his guilt because the state introduced no physical evidence but relied entirely on the testimony of witnesses to prove his guilt. The state is not required to introduce physical testimony to obtain a conviction. Often, there is no physical evidence to prove a crime. In this case, as the court of appeals pointed out and petitioner concedes, several witnesses

7

testified to his involvement in the shooting. Even if petitioner regards the witnesses as incredible, it was up to the jury to make that determination. He has not identified anything about their testimony or circumstances that would put into question the jury's decision to believe the witnesses.

Finally, petitioner contends that the prosecutor acted vindictively when he charged petitioner with five counts after the court of appeals determined he should have been allowed to withdraw his plea. Although petitioner characterizes his going to trial on the five counts originally charged against him as a consequence of "vindictiveness" on the part of the prosecutor, petitioner's withdrawal of his plea merely put him back into the same situation in which he was before he entered into the plea agreement: the subject of five felony counts. Nothing in the state record shows that the original charges changed after the plea withdrawal. Petitioner made the decision to challenge the trial court's refusal to allow him to withdraw his plea. When he succeeded on his challenge, the consequence was that the board was wiped clean of the plea and the plea agreement and the case returned to its pre-plea status. No doubt petitioner would have preferred to have the benefit of both the withdrawal of the plea and the reduced charges promised him in the plea agreement, but he rejected those benefits when he challenged the plea.

ORDER

IT IS ORDERED that

1. Petitioner Teng Vang's motion for a stay of his petition for federal habeas relief under 28 U.S.C. § 2254 is DENIED because the allegedly unexhausted claims have no legal merit.

2. The petition is DISMISSED in its entirety because petitioner has not shown that he is in custody in violation of the Constitution, laws or treaties of the United States.

3. I decline to issue a certificate of appealability because reasonable jurists would not debate the correctness of the ruling in this case. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If he wishes, petitioner may ask a circuit judge to issue the certificate under Fed. R. App. P. 22(b).

Entered this 28th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge